NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 27 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| IRVINE UNIFIED SCHOOL DISTRICT,<br><br>    Plaintiff-counter-<br>    defendant-Appellee,<br><br>  v.<br><br>SHARON LANDERS; JOSEPH<br>GAGLIANO, Parents on behalf of A.G., a<br>minor,<br><br>    Defendants-counter-<br>    claimants-Appellants. | No. 22-55286<br><br>D.C. No.<br>8:19-cv-02359-DOC-KES<br><br><br>MEMORANDUM* |
| IRVINE UNIFIED SCHOOL DISTRICT,<br><br>    Plaintiff-counter-<br>    defendant-Appellee,<br><br>  v.<br><br>SHARON LANDERS; JOSEPH<br>GAGLIANO, Parents on behalf of A.G., a<br>minor,<br><br>    Defendants-counter-<br>    claimants-Appellants. | No. 22-55287<br><br>D.C. No.<br>8:20-cv-00612-DOC-KES |

Appeal from the United States District Court

---

      *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted December 11, 2023
Pasadena, California

Before: GRABER, CHRISTEN, and OWENS, Circuit Judges.
Concurrence by Judge CHRISTEN.

This appeal arises from years of administrative proceedings in which Student and her parents have challenged the individualized education programs ("IEPs") offered by her local school district, the Irvine Unified School District ("Irvine"). They allege that Irvine's IEPs have denied Student the right to a free appropriate public education ("FAPE") guaranteed by the Individuals with Disabilities Education Act ("IDEA"). Here, Student and her parents appeal from the district court's reversal of two Administrative Law Judge ("ALJ") orders granting them stay-put relief under 20 U.S.C. § 1415(j). Reviewing the district court's reversal of the stay-put orders for abuse of discretion and its interpretation of the underlying legal principles de novo, we affirm. *See S.C. ex rel. K.G. v. Lincoln Cnty. Sch. Dist.*, 16 F.4th 587, 591 (9th Cir. 2021).

At issue are two distinct forms of relief available to students and their parents under the IDEA. The first is the right to seek equitable relief in the form of reimbursement for private-school placement. The parents of a child with a disability may unilaterally enroll their child in a private school and then receive reimbursement for the cost of attendance if a court or hearing officer determines

that the school district failed to provide the child a FAPE and that the private placement is appropriate. 20 U.S.C. § 1412(a)(10)(C)(ii); 34 C.F.R. § 300.148(c). A private placement "may be found to be appropriate" for purposes of reimbursement "even if it does not meet the State standards that apply to education." 34 C.F.R. § 300.148(c); *see also C.B. ex rel. Baquerizo v. Garden Grove Unified Sch. Dist*., 635 F.3d 1155, 1159–60 (9th Cir. 2011).

Second, the IDEA separately provides for the right to seek the maintenance of a child's current educational placement during the pendency of proceedings involving a child's FAPE—commonly known as "stay-put" relief. 20 U.S.C. § 1415(j). We will not imply a stay-put placement from an order granting reimbursement unless the reimbursement order "actually reaches the merits of the appropriate placement" for purposes of stay put. *L.M. ex rel. Sam M. v. Capistrano Unified Sch. Dist.*, 556 F.3d 900, 913 (9th Cir. 2009) ("*Capistrano*"). Rather, we will construe a reimbursement order as establishing a "current educational placement" for purposes of stay-put relief only if the order "expressly find[s] that the private placement [is] appropriate" *for such a purpose. K.D. ex rel. C.L. v. Dep't of Educ.*, 665 F.3d 1110, 1118 (9th Cir. 2011).

Here, the district court did not err in reversing the orders granting stay-put relief because they were premised on an erroneous interpretation of an earlier ALJ order. That first ALJ awarded Student and her parents reimbursement for tuition at

3

a certified nonpublic school after determining that Irvine had failed to offer Student a FAPE and that the certified nonpublic school "constituted an appropriate educational placement for Student, which provided educational benefit." The two orders granting stay-put relief interpreted this text to determine "expressly" that the certified nonpublic school was an appropriate placement for purposes of stay put. *Id.* But, in a subsequent decision, the first ALJ clarified that the first order had addressed only whether the certified nonpublic school was an appropriate placement for purposes of reimbursement. That ALJ explicitly stated that the issue of whether the certified nonpublic school was appropriate for purposes of stay put had been neither heard nor decided.

In *Capistrano*, we upheld the denial of stay-put relief when confronted with similar facts: A district court issued an initial decision awarding relief but later denied a stay-put motion and expressly stated that its earlier appropriateness finding was limited to the reimbursement context. 556 F.3d at 911–13. That decision dictates the outcome in this case. Because the first ALJ explicitly disclaimed having considered whether the certified nonpublic school was an appropriate stay-put placement, the first order could not have "actually reache[d] the merits of the appropriate placement" for purposes of stay put. *Id.* at 913.

As a result, the district court did not err in reversing the two subsequent stay-put orders.

**AFFIRMED**.

*Irvine Unified School District v. Landers*, No. 22-55286

CHRISTEN, Circuit Judge, concurring:

I agree with my colleagues that *L.M. v. Capistrano Unified Sch. Dist.*, 556 F.3d 900 (9th Cir. 2009), requires the result here. The district court's reversal of the two stay-put orders, however, could have been easily avoided.

In her first order awarding tuition reimbursement, ALJ Dalton found that "Prentice School constituted an appropriate educational placement for Student, which provided educational benefit." Student's parents, as well as two subsequent ALJs, read this language as "actually reach[ing] the merits of the appropriate placement," *Capistrano*, 556 F.3d at 913, and therefore believed that Prentice School was the "current educational placement" for the purpose of stay-put relief, 20 U.S.C. § 1415(j). Without the benefit of ALJ Dalton's later clarification—made more than one year after this finding—it easy to see why they interpreted the order the way they did.

At oral argument, counsel agreed that Student's parents are not barred from initiating yet another due process complaint to litigate whether they were entitled to a stay-put order. It is regrettable that they will be required to do so.